IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

_____

WILLIE DEWHART                    *

    Plaintiff,                    *

        v.                         *       2:08-CV-111-MEF
                                           (WO)
CITY OF MONTGOMERY, *et al*.,    *

    Defendants.                   *

_____

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Plaintiff Willie Dewhart, an inmate incarcerated at the Montgomery City Jail, filed this 42 U.S.C. § 1983 action on February 19, 2008. Dewhart complains that he is being denied access to the courts and that the taxing of his commissary draw and telephone calls violates his right to due process. Warden Willie Collins and the City of Montgomery are the named defendants. Upon review of the complaint, the court concludes that dismissal of this case prior to service of process is proper under 28 U.S.C. § 1915(e)(2)(B)(ii).[1]

**I. DISCUSSION**

*A. The Due Process Claim*

Dewhart complains that Defendants are taxing commissary purchases and local

---

[1] A prisoner who is allowed to proceed *in forma pauperis* in this court will have his complaint screened in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B). This screening procedure requires the court to dismiss a prisoner's civil action prior to service of process if it determines that the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

telephone calls without first affording him due process. Dewhart does not allege that he cannot use the phone or the prison canteen because he must pay the fees and taxes associated with these goods or services. Rather, Dewhart appears to argue that his inmate status exempts him from having to pay the tax associated with the purchase of various goods or the use of services offered at the jail unless jail officials first afford him notice and an opportunity to be heard.

Inmates have no constitutionally protected interest in purchasing goods available through the prison commissary let alone a constitutionally protected interest in not paying the tax associated with making purchases. Similarly, Dewhart has no constitutionally protected right to not pay all taxes and fees associated with his desire to use the telephone. *See Wolff v. McDonnell,* 418 U.S. 539, 556 (1974) ( "[T]he fact that prisoners retain rights under the Due Process Clause in no way implies that these rights are not subject to restrictions imposed by the nature of the regime to which they have been lawfully committed."). *Cf. Jensen v. Kleckler*, 648 F.2d 1179, 1183 (8th Cir. 1981) (holding that there was no basis for a due process claim where deduction from prisoner accounts for postage were "assessment[s] for value received" and plaintiffs did not contend that they did not receive the services for which they were charged). Accordingly, the court concludes that the taxing of goods and services offered for sale or consumption at the city jail, without more, fails to state a violation of an inmate's federally protected constitutional rights. *See Neitzke*

*v. Williams*, 490 U.S. 319, 234 (1989). Indeed, the claim is patently absurd.[2]

*B. The Access to Courts Claim*

Dewhart complains that he is being denied access to the courts because he is not afforded adequate access to the jail's law library. Dewhart asserts that a defendant facing a lengthy prison sentence should have access to the law library to assist his counsel with preparation of his defense. (*Doc. No. 1 at 3*.)

The law is well established that the fundamental constitutional right of access to the courts requires prison authorities to provide prisoners with adequate law libraries or adequate assistance from persons trained in law to prosecute both post-conviction proceedings and civil rights actions. *Bounds v. Smith*, 430 U.S. 817 (1977), *Younger v. Gilmore*, 404 U.S. 15 (1971). In *Lewis v. Casey*, 518 U.S. 343 (1996), the Supreme Court concluded, however, that actual injury is required to state a claim for denial of access to the courts. *Id.* at 351-52. Such injury will be shown when an inmate can "demonstrate that a non-frivolous legal claim has been frustrated or was being impeded." *Id.* at 353. The *Lewis* Court disclaimed any expansions of the right of access to the court which suggested "that the State must enable the prisoner to discover grievances, and to litigate effectively once in court." *Id.* at 354.

Here, Dewhart has not established a viable claim that he has been denied access to the courts. He has not shown that Defendants engaged in conduct that so hindered his efforts to

---

[2]Certainly, the court is unaware of any basis under which an inmate should be afforded greater protection under the Constitution from taxation associated with the voluntary consumption of goods and services than is afforded an ordinary free-world citizen.

pursue a non-frivolous legal claim or that his inability to adequately access the Montgomery City Jail's law library caused him to experience adverse consequences or an <u>actual</u> injury from the alleged deprivation. *Lewis*, 518 U.S. at 349. Further, preparation for a criminal trial is the responsibility of Dewhart's attorney regardless of any additional legal work in which Dewhart wishes to engage. While Dewhart may wish to take a more active role in his criminal proceedings, this is insufficient to demonstrate a lack of access to the courts as contemplated in *Lewis*. Because Dewhart's allegations fail to articulate any "actual injury" accruing to him based on his contention that he has been denied access to the courts due to the alleged inability to adequately access the law library at the City Jail, his complaint is due to be dismissed under the provisions of 28 U.S.C. § 1915(e)(2)(B)(ii).

## II. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this case be DISMISSED with prejudice prior to service of process pursuant to the directives of 28 U.S.C. § 1915(e)(2)(B)(ii).

It is further

ORDERED that the parties shall file any objections to the Recommendation on or before **March 25, 2008**. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which a party objects. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the

Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit Court of Appeals handed down prior to the close of business on September 30, 1981.

Done this 12th day of March, 2008.

        /s/Charles S. Coody
CHARLES S. COODY
CHIEF UNITED STATES MAGISTRATE JUDGE